**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FERNANDO FONTANEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-1687 (UNA) |
| | ) | |
| PRESIDENT DONALD J. TRUMP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on an application from Fernando Fontanez to proceed *in forma pauperis* (ECF No. 2), a *pro se* complaint (ECF No. 2), and motions to appoint counsel (ECF No. 3) and for CM/ECF password (ECF No. 4). The Court grants the application, dismisses the complaint, and denies the motions without prejudice as moot.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

1

Plaintiff expresses his thoughts about this nation's budget deficit, *see generally* Compl. (ECF No. 1), and opines that "an immediate financial catastrophe causing huge losses and escalating prices for goods," *id*. at 3, if the United States were to default on its debts, *see id*. at 3 (page numbers designated by CM/ECF).  The complaint does not articulate an actual legal claim, however, and its exhibits do not clarify matters.  Insofar as Plaintiff claims to be harmed by the budget deficit, he fails to allege an injury particular to him.  At most, Plaintiff raises "only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."  *Lujan*, 504 U.S. at 573–74); *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (explaining that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction" (citation omitted)).

The Court GRANTS Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), DISMISSES the complaint (ECF No. 1), and denies as moot the motions to appoint counsel (ECF No. 3) and for CM/ECF password (ECF No. 4).  An Order is issued separately.

DATE: July 13, 2026

RANDOLPH D. MOSS
United States District Judge

2